

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2002

# Kilby v. USA

Precedential or Non-Precedential:

Docket 1-2181

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Kilby v. USA" (2002). *2002 Decisions.* Paper 37.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/37

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2181
_____

DONALD J. KILBY; JOANN KILBY, his wife,

Appellants

v.

THE UNITED STATES OF AMERICA
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 99-cv-00278E)
District Judge: Honorable Sean J. McLaughlin
_____

Argued
January 7, 2002
Before: MANSMANN, RENDELL and FUENTES, Circuit Judges.

(Filed January 24, 2002)
_____

James D. McDonald, Jr., Esquire (ARGUED)
John J. Estok, Esquire
The McDonald Group
456 West Sixth Street
P.O. Box 1757
Erie, PA 16507-1757

  COUNSEL FOR APPELLANT

Bonnie R. Schlueter, Esquire
Jessical L. Smolar, Esquire
Office of the United States Attorney
633 U.S. Post Office & Courthouse
Pittsburgh, PA 15219

Stuart E. Schiffer
 Acting Assistant Attorney General
Linda L. Kelly
 United States Attorney
E. Roy Hawkens, Esquire (ARGUED)
Robert S. Greenspan, Esquire
United States Department of Justice
Civil Division, Appellate Staff
601 D Street, N.W.
Washington, D.C. 20530-0001

  COUNSEL FOR APPELLEE

_____

MEMORANDUM OPINION OF THE COURT
_____

MANSMANN, Circuit Judge.

Donald J. Kilby, an independent logger, suffered devastating injuries while working under contract with the United States Forest Service.  Kilby filed suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.  1346(b)(1), alleging, among other things, negligence on the part of the Forest Service in failing to warn him of the high concentration of dead trees in one of the areas covered by his contract.  Kilby alleges that the District Court erred in granting the government's Rule 12(b)(1) motion to dismiss this claim on the basis of the discretionary function exception to the FTCA.  Because we are convinced that the District Court properly applied that exception, we will affirm the order of the District Court.

                                I.

This matter has been fully briefed and argued and the parties are familiar with the factual and procedural history underlying this appeal.  Accordingly, we proceed directly to the merits of the sole issue before us: whether the discretionary function exception to the FTCA bars Kilby from pursuing his claim based on failure to warn.

Supreme Court precedent establishes that each of two criteria must be

satisfied in order for the discretionary function exception to apply. First, it must be determined that no "federal statute, regulation or policy specifically prescribes a course of action" to be taken by an employee. Berkovitz v. United States, 486 U.S. 531, 536 (1988). If an employee retains judgment as to whether to pursue a particular course of action, a court must next determine whether the decision to act or not to act is "susceptible to policy analysis." United States v. Gaubert, 499 U.S. 315, 325 (1991). We agree with the District Court that each of these criteria was satisfied here and that, as a result, Kilby's claim based on failure to warn was properly dismissed.

The District Court rejected Kilby's argument that the Forest Service Manual, the Contract Administration Handbook and Occupational Safety and Health Act regulations required that the Forest Service warn contractors working near high concentrations of dead trees. We agree with the District Court that "the broad safety provisions of the Forest Service Manual and the Contract Administration Handbook plainly do not mandate that Forest Service employees warn contractors of the danger of naturally occurring dead trees" and that "OSHA regulations cited do not apply to the Forest Service." Kilby v. United States, No. 99-278, mem. op. at 6, 7 (W.D. Pa. May 3, 2001).

We also agree that the decision concerning whether to warn of the type of danger posed here was properly characterized as based in government policy. In deciding to place the primary responsibility for worker safety with the independent contractors, the Forest Service takes into account "things such as forest management and silvicultural practices as well as budgetary and staffing considerations." Id. at 8. These policy-based judgments are not actionable under the FTCA.

## II.

Our sincere sympathy for Mr. Kilby does not permit us to ignore the jurisdictional bar imposed by Section 2680(a) of the FTCA. We will, therefore, affirm the order of the District Court.

_____

To the Clerk:

Please file the foregoing opinion.


                    /s/ Carol Los Mansmann
                            Circuit Judge